UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                    Case No. 07-11319-DHW
                                         Chapter 13
FREIDA SWICORD,

      Debtor.

FREIDA SWICORD,

      Plaintiff,

v.                                       Adv. Proc. No. 08-01119-DHW

MILLER REAL ESTATE TRUST,
DUNN PROPERTIES, LLC,
JOHN FLOWERS,
DMR INVESTMENTS, LLC, and
WMR INVESTMENTS, LLC,

      Defendants.

ORDER DENYING MOTION TO DISMISS

The debtor Freida Swicord filed an amended complaint on January 15, 2009 contending that the defendants willfully violated the automatic stay by foreclosing the debtor's interest in her residence postpetition and by failing to reverse the foreclosure.

The defendants filed a motion to dismiss Counts 1 and 2 of the amended complaint. Count 1 seeks damages for the alleged violations. Count 2 seeks injunctive relief to return the mortgage to pre-foreclosure status. The motion came on for hearing on February 18, 2009. The parties submitted the motion to court.

The defendants assert in the motion to dismiss:

> Even if the Defendants did file the foreclosure deed with notice of the bankruptcy filing, such filing would be null from the beginning and without effect. Any such action would be as if it never occurred, and thus, logically, could not create a claim upon which relief could be granted. Counts I and II of the Amended complaint should therefore be dismissed.

Defendant's Motion to Dismiss, p. 2-3 (Doc. #13). Basically, it appears that the defendants are arguing that because acts taken in violation of the automatic stay are void, those acts cannot give rise to a claim for relief.

It is true that acts taken in violation of the stay are void. It is equally true that, despite that fact, 11 U.S.C. § 362(k) creates a claim for relief to individuals injured by a willful violation of the stay. The defendants' argument would render 11 U.S.C. § 362(k) a nullity. Accordingly, it is

ORDERED that the motion to dismiss Counts 1 and 2 is DENIED.

Done this 20th day of March, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Debtor
Russell N. Parrish, Attorney for Defendants